UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARET SWISTOK | ) | CASE NO. |
| 3881 Crestview Ave. SE | ) | |
| Warren, OH 44484 | ) | JUDGE |
| | ) | |
| *On behalf of herself and all others* | ) | |
| *similarly situated,* | ) | **PLAINTIFF'S CLASS AND** |
| | ) | **COLLECTIVE ACTION** |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| *v.* | ) | (Jury Demand Endorse Herein) |
| | ) | |
| PHILLIPS HOLDINGS LLC | ) | |
| d/b/a BUY THE BEACH | ) | |
| c/o Cliff Phillips | ) | |
| 1358 Meadowood Circle | ) | |
| Poland, OH 44514 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| SHANCLIFF INVESTMENTS, LTD | ) | |
| d/b/a BUY THE BEACH | ) | |
| c/o Thomas C. Nader | ) | |
| 155 South Park Avenue | ) | |
| Warren, OH 44481 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| CDAM INVESTMENTS LLC | ) | |
| d/b/a BUY THE BEACH | ) | |
| c/o Clifford Phillips | ) | |
| 1358 Meadowood Circle | ) | |
| Poland, OH 44514 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| CLIFF PHILLIPS | ) | |
| 1358 Meadowood Circle | ) | |
| Poland, OH 44514 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Margaret Swistok, by and through counsel, for her Class and Collective Action Complaint against Defendants Phillips Holdings LLC, Shancliff Investments, Ltd, CDAM Investments LLC and Cliff Phillips states and alleges the following:

## INTRODUCTION

1.     Plaintiff brings this case to challenge policies and practices of Phillips Holdings LLC, Shancliff Investments, Ltd, CDAM Investments LLC and Cliff Phillips (hereinafter collectively, "Defendants") that violated the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio minimum wage and overtime compensation statutes, Ohio Rev. Code Ann. § 4111.01 *et seq.*, and Art. II, Sec. 34a of the Ohio Constitution. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and all other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio.

2.     Defendants' employee wage compensation practices, including Defendants' unlawful minimum wage pay practices, have previously been challenged as an attempt to circumvent minimum wage laws. In *Tesh Trepasso v. Cliff Phillips, et al.* Mahoning  M.C. No. 2017-CV-I-00005 (May 1, 2017), Mahoning County Area Court Number 4 (Austintown) ruled that Defendant CDAM Investments LLC *d/b/a* Buy the Beach violated Ohio's Minimum Wage law by paying the individual plaintiff less than minimum wage. ("Minimum wage for the entire

2

period in question was $8.10 per hour. Plaintiff has not been paid 25 cents per hour for the 611.50 hours worked...").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.      This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and Constitution of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

5.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and/or all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

6.      At all times relevant, Plaintiff Margaret Swistok was a citizen of the United States and a resident of Trumbull County, Ohio.

7.      Defendant Phillips Holdings LLC is an Ohio for-profit limited liability company with its principal place of business in Mahoning County, Ohio. Defendant Phillips Holdings LLC *does business as* "Buy the Beach".  According to records maintained by the Ohio Secretary of State, Defendant Phillips Holdings LLC's (hereinafter "Phillips Holdings") statutory agent for service of process is Cliff Phillips, 1358 Meadowood Circle, Poland, OH 44514.

8.      Defendant Shancliff Investments, Ltd is an Ohio for-profit limited liability company with its principal place of business in Mahoning County, Ohio. Defendant Shancliff Investments, Ltd *does business as* "Buy the Beach".  According to records maintained by the Ohio Secretary of State, Defendant Shancliff Investments, Ltd's (hereinafter "Shancliff")

3

statutory agent for service of process is Thomas C. Nader, 155 South Park Avenue, Warren, OH 44481.

9.      Defendant CDAM Investments LLC is an Ohio for-profit limited liability company with its principal place of business in Mahoning County, Ohio. Defendant CDAM Investments LLC *does business as* "Buy the Beach".  According to records maintained by the Ohio Secretary of State, Defendant CDAM Investments LLC's (hereinafter "CDAM") statutory agent for service of process is Clifford Phillips, 1358 Meadowood Circle, Poland, OH 44514.

10.     Defendant Cliff Phillips is the owner of "Buy the Beach" tanning salons[1], Defendants Phillips Holdings, Shancliff and CDAM. Upon information and belief, Defendant Cliff Phillips exercised daily operational control over Defendants Phillips Holdings', Shancliff's and CDAM's business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

## FACTUAL ALLEGATIONS

### Defendants' Business

11.     Defendants own and operate Buy the Beach, a chain of tanning salons located throughout Trumbull and Mahoning Counties, Ohio including in Howland, Austintown, Canfield, Salem and Niles.[2]

### Plaintiff's, the FLSA Collective's and Ohio Class's Employments with Defendants

12.     Defendants have employed approximately sixty (60) or more full and part-time non-exempt hourly employees during the relevant period.

---

[1] https://www.linkedin.com/in/cliff-phillips-71037316
[2] http://www.buythebeachtanning.com/

4

13.    Plaintiff Margaret Swistok was employed by Defendants from about April 2018 to June 2018 as a non-exempt hourly employee.

14.    At all times relevant, Plaintiff, the FLSA Collective and the Ohio Class were employees within the meaning of 29 U.S.C. § 203(e), O.R.C. §§ 4111.01, *et seq.* and Art. II, Sec. 34a of the Ohio Constitution.

15.    Plaintiff, the FLSA Collective, and the Ohio Class were classified by Defendants as non-exempt employees and paid on an hourly basis.

16.    Part of Plaintiff's, the FLSA Collective's, and the Ohio Class's job duties included regularly processing credit card transactions involving out-of-state banks and financial institutions for Defendants' customers.

17.    At all times relevant, Plaintiff, the FLSA Collective, and the Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## Defendants' Statuses as Employers

18.    At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), Ohio Const. Article II, Section 34a and O.R.C. §§ 4111.01, *et seq.*, and employed hourly employees, including Plaintiff, the FLSA Collective, and the Ohio Class.

19.    At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

20.    At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

21.    Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

22.     Defendant Cliff Phillips is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendants Phillips Holdings, Shancliff and CDAM, "in relation to employees," including Plaintiff, the FLSA Collective, and the Ohio Class. Defendant Cliff Phillips is also an employer pursuant to O.R.C. Chapter 4111 and Ohio Const. Article II, Section 34a, and had operational control over significant aspects of Phillips Holdings', Shancliff's and CDAM's day-to-day functions, including compensation of employees.

23.     Defendants were joint employers of Plaintiff, the FLSA Collective and the Ohio Class pursuant to the FLSA and Ohio law as Plaintiff, the FLSA Collective and the Ohio Class were employed jointly by Defendants; Plaintiff's, the FLSA Collective's and the Ohio Class's work simultaneously benefited each Defendant; each Defendant acted directly and/or indirectly in the interest of each other Defendant in relation to Plaintiff, the FLSA Collective and the Ohio Class; there was an arrangement between the Defendants to share the Plaintiff's, the FLSA Collective's and the Ohio Class's services; Defendants' business operations are substantially and significantly interrelated, centralized, and under common management and ownership; and/or each Defendant was not completely disassociated with respect to the employment of Plaintiff, the FLSA Collective and the Ohio Class, including that Defendants shared control of Plaintiff, the FLSA Collective and the Ohio Class. *See* 29 C.F.R. 791.2.

24.     Defendants operate as a single enterprise within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of Buy the Beach tanning salons in Ohio. Defendants are engaged in related activities; share employees between business locations; share common management between business locations;

6

share common human resources and payroll services; provide the same array of products and services to their customers; constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose; represent themselves to the general public as a single entity – Buy the Beach – operating at multiple locations; and provide the same service product to customers by using a set formula when conducting business.

25.     Part of that set formula is the deprivation of minimum wage and overtime to their employees as described in this complaint.

## Defendants' Minimum Wage Violations

26.     The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. 29 U.S.C. § 206.

27.     Ohio's minimum wage is adjusted annually as specified by Ohio Const. Article II, Section 34a, and for non-exempt hourly employees was $8.10 per hour in 2015, $8.10 per hour in 2016, $8.15 per hour in 2017, and is $8.30 per hour in 2018.

28.     Defendants failed to pay Plaintiff, the FLSA Collective, and the Ohio Class at least the lawful minimum wage rate for all hours worked. For example, though the Ohio minimum wage was $8.30 per hour in 2018, Defendants paid Plaintiff and members of the FLSA Collective and Ohio Class a wage of $7.25 per hour.

## Defendants' Failure to Pay All Hours Worked

29.     In addition to the above unlawful minimum wage payroll practices or policies, while Plaintiff, the FLSA Collective, and the Ohio Class were paid on an hourly basis,

7

Defendants consistently failed to pay Plaintiff, the FLSA Collective and the Ohio Class for all hours worked. 29 U.S.C. §§ 206-207.

30.     Defendants' owners, managers and/or supervisors edited, modified, and/or altered Plaintiff's, the FLSA Collective's, and the Ohio Class's timekeeping records and/or avoided paying Plaintiff, the FLSA Collective, and the Ohio Class for work time occurring before and/or after the scheduled shift ending time in order to improperly reduce the number of hours they actually worked per week to reduce labor costs. *See* 29 C.F.R. § 785.11.

31.     Defendants' editing practices further reduced Plaintiff's, the FLSA Collective's, and the Ohio Class's employees' hourly rates below the applicable minimum wage.

32.     In addition, Defendants did not provide Plaintiff, the FLSA Collective, and the Ohio Class bona fide meal periods during which they were completely relieved from duty; among other things, Plaintiff, the FLSA Collective, and the Ohio Class were required to answer phone calls, attend to customers and tanning rooms, access and interact with the company computer system(s), and/or perform the other duties they were required to perform during their shifts. The work Plaintiff, the FLSA Collective, and the Ohio Class performed during the time they ate meals were predominately for Defendants' benefit.

33.     Defendants regularly deducted time from Plaintiff's, the FLSA Collective's, and the Ohio Class's timekeeping records for a meal period, despite the fact that Plaintiff, the FLSA Collective, and the Ohio Class regularly did not receive and/or take bona fide meal periods.

34.     As a result of the above payroll practices and policies, Plaintiff, the FLSA Collective, and the Ohio Class were not paid minimum wage for many of their hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq*., and Ohio law.

## Defendants' Overtime Violations

35.     The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

36.     As a result of Defendants' minimum wage violations, Defendants paid Plaintiff, the FLSA Collective, and the Ohio Class a reduced overtime wage when working more than 40 hours in a single workweek as Defendants failed to properly calculate overtime compensation when Plaintiff, the FLSA Collective and the Ohio Class worked more than 40 hours in a single workweek.

37.     In addition, as a result of Defendants' time editing, modifing, and/or altering practices, Plaintiff, the FLSA Collective and the Ohio Class were not paid for all overtime hours worked.

38.     Defendants did not pay overtime compensation to their hourly employees at one and one-half times their "regular rate" of pay. As a result, Plaintiff, the FLSA Collective and the Ohio Class were not properly paid overtime for many of their overtime hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

## Defendants' Unlawful Deduction Policies and Practices

39.     The FLSA required Defendants to pay all hourly employees at least the minimum wage, and to pay them overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

40.     Department of Labor regulations provide that "'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and

9

unconditionally or 'free and clear.'"  29 C.F.R. § 531.35.  The FLSA's minimum wage requirements are not met "where the employee 'kicks-back' directly or indirectly" all or part of the employer's wage payment.  *Id.*  An FLSA violation occurs "in any workweek when the cost of [tools of the trade] purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act."  *Id.*

41.     Defendants failed to pay at least the minimum wage to Plaintiff, the FLSA Collective and the Ohio Class.   Defendants paid employees low, regularly subminimum wage rates of compensation, and then deducted charges and expenses that Defendants required the hourly employees to incur.  In some workweeks, the amounts paid to the hourly employees "finally and unconditionally or 'free and clear'" did not equal or exceed the minimum wage.

42.     As a result of Defendants' deductions, Defendants further failed to pay overtime compensation at one and one-half times the employees' "regular rate" for all hours worked in excess of forty hours in a workweek.

**Defendants' Failure to Keep Wage Records**

43.     The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a. For example, Ohio law provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

44.     Defendants failed to keep accurate records of hours worked. Thus, Defendants did not record or pay all hours worked in violation of the FLSA and Ohio law.

45.     The above payroll practices resulted in minimum wage and overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111; and Ohio Const. Art. II, § 34a.

## The Willfulness of Defendants' Violations

46.     Defendants knew that Plaintiff, the FLSA Collective and the Ohio Class were entitled to minimum wages and overtime compensation pay under federal and state law, or acted in reckless disregard for whether they were so entitled. Defendants' illegal pay practices were the result of systematic and company-wide policies originating at the corporate level.

47.     Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

50.     The FLSA Collective consists of:

> All present and former hourly employees of Defendants during the period of three years preceding the commencement of this action to the present.

51.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt hourly employees, all were subjected to and injured by Defendants' unlawful practice of failing to pay minimum wage for all hours worked and overtime compensation for all hours worked in excess of forty per workweek, and all have the same

11

claims against Defendants for unpaid minimum wage and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

52.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

53.     Plaintiff cannot yet state the exact number of similarly-situated persons but aver, upon information and belief, that they consist of over 60 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

## CLASS ACTION ALLEGATIONS

54.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55.     Plaintiff additionally brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio, defined as:

> All present and former hourly employees of Defendants during the period of two years preceding the commencement of this action to the present.

56.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 60 persons.  The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c); 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

57.    There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants' conduct as described above violates Ohio law governing payment of minimum wages;
>
> Whether Defendants have engaged in a policy or practice of failing or refusing to pay for all hours worked by their hourly employees;
>
> Whether Defendants failed to pay Plaintiff and other class members all overtime pay due to them; and
>
> Whether Defendants' failure to pay Plaintiff and other class members overtime pay due to them was willful.

58.    Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

59.    Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

60.    The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

61.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and

demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Minimum Wage Violations)

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

64. Defendants failed to comply with the requirements of 29 U.S.C. § 206, by paying employees less than the applicable Ohio minimum wage. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's and the FLSA Collective's minimum wages as required by federal law. 29 U.S.C. § 206.

65. Defendants' unlawful conduct directly and proximately caused Plaintiff and the FLSA Collective to suffer damages for which they are entitled to judgment.

66. Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and the FLSA Collective's rights, and entitle Plaintiff and the FLSA Collective to liquidated and/or punitive damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Minimum Wage Violations)

67.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

68.     Ohio wage law requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. Art. II, Sec. 34a of the Ohio Constitution; O.R.C. Chapter 4111.

69.     Based on the improper practices described herein, Defendants failed to comply with the requirements of Ohio law by paying employees less than the applicable minimum wage rate.

70.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution & O.R.C. Chapter 4111, including refusing and/or failing to calculate and pay Plaintiff's, the FLSA Collective's and the Ohio Class's minimum wages as required by Ohio law.

71.     Defendants' unlawful conduct directly and proximately caused Plaintiff, the FLSA Collective and the Ohio Class to suffer damages for which they are entitled to judgment.

72.     Plaintiff, the FLSA Collective and the Ohio Class are entitled to triple damages for Defendants' minimum wage violations pursuant to Art. II, Sec. 34a, Ohio Constitution & O.R.C. Chapter 4111.

## COUNT THREE
### (FLSA Overtime Violations)

73.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

74.     Plaintiff brings this claim for violation of the FLSA's overtime provisions.

15

75.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

76.     Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

77.     Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

78.     By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

79.     As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA.  29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT FOUR**
**(Ohio Overtime Violations)**

80.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

81.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

82.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

83.     Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

84.     These violations of Ohio law injured Plaintiff, the FLSA Collective and the Ohio Class in that they did not receive wages due to them pursuant to that statute.

85.     Having injured Plaintiff, the FLSA Collective and the Ohio Class, Defendants are "liable to [Plaintiff, the FLSA Collective and the Ohio Class] for the full amount of the overtime wage rate, less any amount actually paid to the employee … and for costs and reasonable attorney's fees as may be allowed by the court." O.R.C. § 4111.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.      Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D.      Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount;

E.      Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid minimum wages, as well as statutory damages in an amount equal to twice the unpaid minimum wages under Ohio Law; and

F.     Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

18

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ *Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
